UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>GLORIA ENANDER GIANNINI,<br><br>    Defendant.<br>_____ | No. CR 02-40039-01 CW<br><br>**AMENDED:**<br>REPORT AND RECOMMENDATION REGARDING DEFENDANT'S ADMISSION OF VIOLATIONS OF THE TERMS AND CONDITIONS OF HIS SUPERVISED RELEASE OR PROBATION |

The magistrate court recommends to the district court that it accept the defendant's admissions to certain violations of the terms and conditions of her supervision as charged in the petition filed on August 23, 2007. Specifically, on September 9, 2010, the defendant admitted charge one -- that she violated the condition of supervised release that she not violate any federal, state, or local laws -- and admitted the following facts.

    On September 11, 2006, the defendant wrote check number 1155 (on the account of Einar & Associates LLC, from the State Farm Bank in Bloomington, Illinois) for $76,500.00. The check was written for the purchase of property of 17090 Peak Avenue, Morgan Hill, California. Defendant put a stop payment on the check on September 18, 2006. The check was returned for insufficient funds on September 27, 2006, in violation of California Penal Code Section 476a. The defendant signed the check under her maiden name, which is Gloria Enander, as a representative for Horizons 2000, LLC.

    The parties (government, defense, and probation) agreed on the record that at sentencing they would recommend the following sentence: 15 months' custody to run concurrently with the new 105-month federal sentence imposed in the Eastern District of California, Docket No. 2:07-CR-0018,

REPORT AND RECOMMENDATION
CR 02-40039-01 CW

1  with no term of supervision to follow.  If the defendant prevails on appeal, is released on bail, or is
2  re-sentenced to a different sentence in the Eastern District, the parties agreed that the defendant may
3  ask the district judge here to reconsider or modify any sentence imposed in the revocation
4  proceeding in the Northern District of California.
5        Also, the sentence in the underlying felony bank-fraud case here (33 months' custody and 5
6  years' supervised release) was imposed originally in the Northern District of Texas.  The defendant
7  began her supervised release on August 28, 1998, jurisdiction was transferred here in February 2002,
8  and supervision was revoked here in February 2005.  According to the defense, there is a fact issue
9  about whether the district judge in Texas stated that supervised release would terminate
10 automatically after three years.  The parties agreed that if a review of the record (including the
11 sentencing transcript) raises issues relevant to sentencing in this proceeding, the defendant may ask
12 the district judge here to reconsider or modify any sentence imposed in the revocation proceeding in
13 the Northern District of California.
14       The parties and Giannini acknowledged specifically that their sentencing recommendation is
15 a recommendation only that is not binding on the district court.
16       The magistrate court makes the following findings:
17       1. On the hearing date set forth above, with the assistance of counsel, the defendant waived
18 her right to admit the violations in district court and instead consented to admit the violations in a
19 hearing in magistrate court.  Specifically, the magistrate court advised her that she had a right to
20 admit the violations in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal
21 Procedure 59, she could waive that right and consent to admit the violations in a hearing in
22 magistrate court.  The magistrate court also advised her that it would issue a written report
23 recommending that the district court accept the admissions, that the district court would review the
24 recommendation and decide whether to accept the admissions, and that the district court and not the
25 magistrate court would sentence her.  The magistrate court also advised her of the procedures (also
26 set forth at the end of this order) for challenging the magistrate court's recommendation.  The
27 defendant then waived her right to proceed in district court and consented to the magistrate court's
28 conducting the hearing regarding the admission of the supervised release violations.

REPORT AND RECOMMENDATION
CR 02-40039-01 CW                                2

1    2. The magistrate court then reviewed, and the defendant acknowledged that she understood, the following: (a) the nature of the charge and the maximum penalty he faced; (b) her rights under Federal Rule of Criminal Procedure 32.1(b)(2); (c) the district court, not the magistrate court, would conduct the sentencing; and (d) the parties' sentencing agreement was not binding on the district court.

3.   After the advisements set forth in Rule 32.1(b)(2) and summarized here, the defendant waived her right to a Rule 32.1(b)(2) hearing and admitted the charges summarized above. The magistrate court found that she was fully competent and capable of admitting the charges in the petition, that she was aware of the nature of the charges and the consequences of admitting them, and that her admission and waiver of rights were knowing and voluntary. This court thus recommends to the district court that it accept the defendant's admissions.

4. Any party may serve and file specific written objections within fourteen days after being served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).

5. At the parties' request, this court set the matter for further proceedings before the district court on Wednesday, October 6, 2010, at 2:00 p.m.

IT IS SO RECOMMENDED.

Dated: September 13, 2010

_____
LAUREL BEELER
United States Magistrate Judge